Matthew G. Bennett, ISB No. 9499
Joshua M. O'Hare, ISB No. 10927
FOLEY FREEMAN, PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Phone:   208.888.9111
Fax:     208.888.5130
mbennett@foleyfreeman.com
johare@foleyfreeman.com

**Attorney for Defendant**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In re:** | **Case No. 19-40782-JDP** |
| **JONATHON PEIRSOL,** | **Chapter 7** |
| Debtors. | |
| **R. WAYNE KLEIN, J & J CHEMICAL, INC., CHAPTER 11 PLAN ADMINISTRATOR,** | **Adv. Case No. 20-08060-JDP** |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| **JONATHON PEIRSOL (aka JON PEIRSOL),** | |
| Defendant. | |

COMES NOW the Defendant, Jonathan Peirsol ("Defendant"), by and through his counsel of record, Matthew G. Bennett of Foley Freeman, PLLC, and hereby respond to the Complaint for Determination of Non-Dischargeability of Debt ("Complaint", Docket No. 1-3) as follows:

**ANSWER TO COMPLAINT - 1**

## ANSWER

Defendants deny each and every allegation in the Complaint, unless specifically admitted herein.

## PARTIES

1. Defendant admits Paragraph 1.

2. Defendant admits Paragraph 2.

## JURISDICTION AND VENUE

3. Defendant admits Paragraph 3.

4. Defendant admits Paragraph 4.

5. Defendant admits Paragraph 5.

## COUNT I

6. Defendant admits only that he was President and Director of J&J Chemical but denies the remainder of Paragraph 6.

7. Defendant admits Paragraph 7 to the extent that tax preparation services were sold but denies the remainder.

8. Defendant admits Paragraph 8.

9. Defendant admits only that the AVC required the payment of $80,000 but denies the remainder of Paragraph 9.

10. Defendant admits Paragraph 10.

11. Defendant admits Paragraph 11.

12. Defendant admits that the payment was made from the Bank of Commerce bank account referenced in the Complaint but denies the remainder Paragraph 12.

13. Defendant is without sufficient knowledge to either admit or deny the events described in Paragraph 13, and it is therefore denied.

ANSWER TO COMPLAINT - 2

14. Defendant states that the Complaint speaks for itself and that it alleges that J&J Chemical made the purported fraudulent transfer and therefore Defendant denies Paragraph 14.

15. Defendant denies Paragraph 15.

16. Defendant admits Paragraph 16.

17. Defendant admits Paragraph 17.

18. Defendant admits Paragraph 18.

19. Defendant admits Paragraph 19.

20. Defendant admits Paragraph 20.

21. Defendant admits Paragraph 21.

22. Defendant admits Paragraph 22.

23. Defendant admits Paragraph 23.

24. Defendant admits Paragraph 24.

25. Defendant admits Paragraph 25.

26. Paragraph 26 calls for a legal conclusion and therefore Defendant denies Paragraph 26.

27. Defendant admits Paragraph 27.

28. Defendant admits Paragraph 28.

29. Defendant states that the Complaint speaks for itself and that it alleges that J&J Chemical made the purported fraudulent transfer and therefore Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30.

31. Defendant admits Paragraph 31.

32. Defendant is without sufficient knowledge to either admit or deny the events described in Paragraph 32, and it is therefore denied.

33. Defendant is without sufficient knowledge to either admit or deny the events described in Paragraph 13, and it is therefore denied.

34. Defendant is without sufficient knowledge to either admit or deny the events described in Paragraph 13, and it is therefore denied.

35. Defendant admits only that he was reimbursed $2,500 for computers that he purchased but denies the remainder of Paragraph 35.

36. Defendant denies Paragraph 36.

37. Defendant states that the Complaint speaks for itself and that it alleges that J&J Chemical made the purported fraudulent transfer and therefore Defendant denies Paragraph 37.

38. Defendant denies Paragraph 38.

39. Defendant is without sufficient knowledge to either admit or deny the events described in Paragraph 39, and it is therefore denied.

40. Defendant is without sufficient knowledge to either admit or deny the events described in Paragraph 40, and it is therefore denied.

41. Defendant states that the Complaint speaks for itself and that it alleges that J&J Chemical made the purported fraudulent transfer and therefore Defendant denies Paragraph 41.

42. Defendant denies Paragraph 42.

43. Defendant admits Paragraph 43.

44. Defendant denies Paragraph 44.

45. Defendant denies Paragraph 45.

46. Defendant denies Paragraph 46.

47. Defendant denies Paragraph 47.

48. Defendant is without sufficient knowledge to either admit or deny the events described in Paragraph 48, and it is therefore denied.

**ANSWER TO COMPLAINT - 4**

49. Defendant is without sufficient knowledge to either admit or deny the events described in Paragraph 49, and it is therefore denied.

50. Defendant denies Paragraph 50.

51. Defendant denies Paragraph 51.

## COUNT II

52. Paragraph 52 is a reincorporation of previous paragraphs and does not call for a response, and therefore Defendant denies Paragraph 52.

53. Defendant denies Paragraph 53.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason that Plaintiff has failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and Federal Rule of Bankruptcy Procedure 7009(b).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason that Plaintiff has failed to observe his duty to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason that Plaintiff has not been damaged.

**ANSWER TO COMPLAINT - 5**

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata or claim preclusion.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel or issue preclusion.

### RESERVATION OF RIGHTS

Defendant reserves, among other things, the right to amend this pleading and assert any additional claims, counterclaims, cross-claims, or defenses available.

### ATTORNEY FEES AND COSTS

Defendant has been required to retain the services of attorneys to represent them in this matter, and they should be awarded their costs and reasonable attorney's fees in this matter.

WHEREFORE, Defendant request that Plaintiff's Complaint be dismissed with prejudice, that it take nothing thereby, and that costs be assessed against the Plaintiff in favor of the Defendant.

DATED this 16th day of October, 2020.

FOLEY FREEMAN, PLLC

/s/ Matthew G. Bennett
Matthew G. Bennett
Attorney for Defendant

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 16th day of October, 2020, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | |
|---|---|
| Rhett M. Miller<br>PARSONS, SMITH, STONE,<br>LOVELAND & SHIRLEY, LLP<br>137 W. 13th Street<br>PO BOX 910<br>Burley, ID 83318 |  X    CM/ECF Notice |

                            /s/ Matthew G. Bennett
                            Matthew G. Bennett

**ANSWER TO COMPLAINT - 7**