Rhett M. Miller
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P.O. Box 910
Burley, Idaho 83318
(208) 878-8382
(208) 878-0146 - fax
rhett@pmt.org
Idaho State Bar 11163
*Counsel for R. Wayne Klein*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>JONATHON PEIRSOL,<br><br>Debtor. | Bankr. Case No.   19-40782-JDP<br><br>Chapter 7 |
| R. WAYNE KLEIN, J & J CHEMICAL, INC., CHAPTER 11 PLAN ADMINISTRATOR,<br><br>Plaintiff,<br><br>v.<br><br>JONATHON PEIRSOL (aka JON PEIRSOL),<br><br>Defendant. | Adv. Proceeding No. 20-08060-JDP |

### PLAINTIFF'S PRE-TRIAL MEMORANDUM

Comes now Plaintiff R. Wayne Klein, by and through counsel, Rhett M. Miller of Parsons, Smith, Stone, Loveland and Shirley, LLP, and in accordance with this Court's Order Setting Trial entered herein on October 27, 2021 (Dkt. No. 46) hereby submits this Pre-Trial Memorandum containing a brief description of the issues of fact and/or law, the party's theories of the case, and a discussion of applicable authorities for such positions:

### Remaining Issues of Fact and Law

Plaintiff initiated this adversary proceeding against Defendant on September 18, 2020, seeking an exception to discharge of the $638,517.91 debt filed as Claim No. 8 ("Claim 8") in

bankruptcy case 19-40782-JDP (the "Peirsol Bankruptcy Case"). Claim 8 arises from a Default Judgment entered in Plaintiff's behalf in Adversary Proceeding 18-8024-JDP ("J&J Adversary") in the bankruptcy case of J & J Chemical, Inc. (the "J&J Bankruptcy Case") in the amount of $631,415.78. (J & J Adversary Dkt. No. 33).

The Default Judgment consisted of 7 discreet sub-sections, which when aggregated comprise the entire $631,415.78 claim amount, as follows:

- Subsection 1 contains an award of $60,025.00 based upon a **fraudulent transfer** claim for funds paid to the Idaho Attorney General's Office by J & J Chemical on behalf of the Defendant.

- Subsection 2 contains an award of $14,865.00 based upon a **fraudulent transfer** claim for payments made directly to Defendant by a debtor of J & J Chemical.

- Subsection 3 contains awards of $119,315.02 and $2,500.00 based upon **fraudulent transfer** claims for cash withdrawn from the accounts of J & J Chemical by Defendant and a check written to Defendant by J & J Chemical.

- Subsection 4 contains an award of $30.00 based upon an **avoidance** of a post-petition transfer claim that $30.00 cash was transferred from J & J Chemical to Defendant post-petition.

- Subsection 5 contains an award of $40,030.97 based upon a **fraudulent transfer** claim for account-to-account transfers of funds from J & J Chemical to accounts of Defendant or his family.

- Subsection 6 contains awards of $136,802.72, $48,873.68, $227.55, $45,583.77, $11,000.00, $13,925.01 and $21,347.89 based upon claims for **breach of fiduciary duty** of personal expenses of Defendant by J & J Chemical to Wells Fargo, Capital One, DirecTV, American

    Express, ODS Technologies/TVG Network, miscellaneous person expenses, and Hyundai Capital America, respectively.

- <u>Subsection 7</u> contains an award of **pre-judgment interest** in the amount of $116,889.17.

In his Complaint herein, Dkt. No. 1, Plaintiff claimed that Claim 8 should be excepted from discharge, in its entirety, because it is non-dischargeable pursuant to §523(a)(2), as such debt was the result of false pretenses, false representations, or actual fraud of the Defendant. Plaintiff also claimed such amount should be excepted, in its entirety, because it is non-dischargeable pursuant to §523(a)(4) as such debt was the result of fraud or defalcation of Defendant while acting in a fiduciary capacity as the President and Director of J & J Chemical and engaging in embezzlement or larceny. Defendant denied Plaintiff's claims for relief in his Amended Answer to Complaint filed herein on February 12, 2021. (Dkt. No. 14).

Following written discovery and depositions of Plaintiff by Defendant and Defendant by Plaintiff, Plaintiff filed a Motion for Partial Summary Judgment herein asserting that those portions of Claim 8 arising from subsections 1 ($60,025.00), 2 ($14,865.00), 3 ($121,815.02), and 5 ($40,030.97 ) of the Default Judgment and the pre-judgment interest related thereto ($43,825.12), totaling $280,561.11, was non-dischargeable as a matter of law under Section 523(a)(2), because that portion of the Claim 8 debt arose from fraudulent transfer claims.

Following a hearing on such motion and post-hearing briefing, in its Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 44) the Court concluded that the transfers in question (subsections 1, 2, 3, and 5 of the Default Judgment) "were the result of actual fraud" and that "Defendant was the recipient or beneficiary of the fraudulent transfers." Nevertheless, the Court left the question of whether or not Defendant had fraudulent intent in receiving such transfers (subsections 1, 2, 3, and 5 of the Default Judgment) to be decided at trial.

Therefore, with regard to Plaintiff's claims for exception of the portions of Claim 8 arising from subsection 1, 2, 3, and 5 of the Default Judgment, the only remaining question for trial is whether or not Defendant had fraudulent intent in receiving such transfers. If so, they should be excepted from discharge under Section 523(a)(2). Additionally, the evidence may show that such amounts are non-dischargeable under Section 523(a)(4).

With regard to Plaintiff's claims for exception of the portions of Claim 8 arising from subsections 4 and 6 of the Default Judgment, Plaintiff still bears the full burden of proving that such amounts should be denied from discharge under Sections §523(a)(2) and §523(a)(4).

Finally, Plaintiff must show what amount of pre-judgment interest is attributable to any amount that is excepted from discharge, and that the amount excepted from discharge, if any, has not already been recovered.

## Theories of the Case and Applicable Authorities

**(A) Subsections 1, 2, 3, and 5**

Peirsol's fraudulent intent in receiving the benefit of the transfers found in Subsections 1, 2, 3, and 5 of the Default Judgment will be evident when the Court analyzes the evidence to be presented at trial and the existence of certain badges of fraud (codified by Idaho Code Section 55-913(2), which include:

- The transfer or obligation was to an insider;
    - Exhibits and testimony are expected to show that Mr. Peirsol was the sole owner of J & J Chemical, and therefore an insider.
- The transfer or obligation was disclosed or concealed;
    - Exhibits and testimony are expected to show that Mr. Peirsol initially failed to report the transfers at issue as income on his personal taxes, thereby concealing such transfers.

- The transfer was of substantially all the debtor's assets;
    - Exhibits and testimony are expected to show that certain transfers from J & J to Mr. Peirsol constituted a substantial portion of J & J Chemical's assets.
- The debtor removed or concealed assets;
    - Exhibits and testimony are expected to show that Mr. Peirsol was actively involved in the removal of assets from J & J Chemical.
- The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; and
    - Exhibits and testimony are expected to show that J & J Chemical became insolvent and ultimately filed bankruptcy soon after the transfers were made.
- The transfer occurred shortly before or shortly after a substantial debt was incurred.
    - Exhibits and testimony are expected to show that certain transfers were incurred shortly after substantial debt was incurred by Mr. Peirsol.

More specifically, with regard to Subsection 1 of the Default Judgment (fraudulent transfer of funds to the Idaho Attorney General's Office by J & J Chemical for the benefit of Defendant), Plaintiff intends to show Defendant's fraudulent intent in receiving the benefit of such transfers through the presentation of the following:

- The bankruptcy petition for J & J Chemical, signed by Mr. Peirsol, evidencing his knowledge of the debts that needed to be serviced by J & J Chemical (Exhibit 100 and 101);
- The Assurance of Voluntary Compliance filed with the Fourth Judicial District of the State of Idaho showing that the obligation was that of Mr. Peirsol, who signed such document (Exhibit 104);

- The Order Approving Assurance of Voluntary Compliance entered by the Fourth Judicial District of the State of Idaho showing the obligation was that of Mr. Peirsol and that he was served with such document (Exhibit 105);

- The Wire Transfer Authorization authorizing the transfer of funds from an account of J & J Chemical to the Idaho Attorney General to service the obligation of Mr. Peirsol, such authorization bearing the signature of Mr. Peirsol (Exhibit 106);

- The bank statements for J & J Chemical's account with the Bank of Commerce showing payment of Mr. Peirsol's obligation to the Idaho Attorney General from the account of J & J Chemical, thereby spending 64% of J & J's money in such account (Exhibit 107).

With regard to Subsection 2 of the Default Judgment (fraudulent transfer of funds due under the Simcox Note to J & J Chemical to Mr. Peirsol), Plaintiff intends to show Defendant's fraudulent intent in receiving such transfers through the presentation of the following:

- The bankruptcy petition for J & J Chemical, signed by Mr. Peirsol, evidencing his knowledge of the debts that needed to be serviced by J & J Chemical (Exhibit 100 and 101);

- Purchase Agreement between J & J Chemical and Jeffrey Simcox and Karen Adams for certain assets, showing the seller of such assets was J & J Chemical and not Mr. Peirsol (Exhibit 123);

- The Promissory Note in the amount of $210,000.00 made by Jeffrey Simcox and Karen Adams in favor of J & J Chemical, showing that such amounts were due to J & J Chemical and not Mr. Peirsol (Exhibit 109);

- The Settlement, Release, No Disparagement, and Non-Compete Agreement and related Promissory Note entered between J & J Chemical, Mr. Peirsol, Simcox, JK Holdings, LLC, Serv-Clean, LLC and Adams, resolving a dispute related to the $210,000.00 note and

transferring payment rights from J & J Chemical to Mr. Peirsol without consideration for such transfer (Exhibits 110 and 111);

- A letter signed by Mr. Peirsol substituting himself as the payee for the outstanding amount due to J & J Chemical (Exhibit 112);

- An E-Mail to Plaintiff including the disbursement history of funds relating to the note, showing such funds being deposited into the personal account of Mr. Peirsol (Exhibit 113);

With regard to Subsection 3 of the Default Judgment (fraudulent transfers from J & J Chemical to Mr. Peirsol in the form of cash withdrawals by Mr. Peirsol and a check to Mr. Peirsol from the accounts of J & J Chemical), Plaintiff intends to show Defendant's fraudulent intent in receiving such transfers through the presentation of the following:

- The bankruptcy petition for J & J Chemical, signed by Mr. Peirsol, evidencing his knowledge of the debts that needed to be serviced by J & J Chemical (Exhibit 100 and 101);

- Numerous cash withdrawal and advice of charge slips evidencing withdrawals signed by Mr. Peirsol (Exhibit 115);

- Account statements for J & J Chemical's Wells Fargo account ending in 4475 which show cash withdrawals (Exhibit 116);

- Account statements for J & J Chemical's Wells Fargo account ending in 7535 which show cash withdrawals (Exhibit 120);

- Account statements for J & J Chemical's Bank of Commerce account ending in 9804 which show cash withdrawals (Exhibit 107);

- E-Mail chain between Mr. Klein and Brad Winters regarding Mr. Peirsol's instructions to for Brad Winters write J & J Chemical check to Mr. Peirsol (Exhibit 118);

- Check 10135 to Mr. Peirsol in the amount of $2,500.00 (Exhibit 119).

With regard to subsection 5 of the Default Judgment (fraudulent transfers from J & J Chemical accounts to accounts of Mr. Peirsol and his family), Plaintiff intends to show Defendant's fraudulent intent in receiving such transfers through the presentation of the following:

- The bankruptcy petition for J & J Chemical, signed by Mr. Peirsol, evidencing his knowledge of the debts that needed to be serviced by J & J Chemical (Exhibit 100 and 101);
- Account statements for J & J Chemical's Wells Fargo account ending in 4475 which show transfers to accounts of Mr. Peirsol and his family (Exhibit 116);
- Account statements for J & J Chemical's Wells Fargo account ending in 7535 which show transfers to accounts of Mr. Peirsol and his family (Exhibit 120);
- Account statements for J & J Chemical's Bank of Commerce account ending in 9804 which show transfers to accounts of Mr. Peirsol and his family (Exhibit 107).

**(B) Subsections 4 and 6**

Plaintiff's primary argument for exception to discharge of the portions of the Default Judgment contained in subsections 4 and 6 arise under § 523(a)(4) which requires a showing that a debt was obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Subsection 6 of the Default Judgment states that such amounts are awarded against Defendant *for breach of fiduciary duty* by payment of personal expenses with J & J Chemical, Inc. funds. Finally, fraud or defalcation is intended to be shown in the same manner as presented in the badge of fraud discussion above.

**(C) Interest and Application of Recoveries**

Plaintiff intends to testify that he has recovered $177,403.90 towards the Default Judgment from third parties since the date the Default Judgment was entered, March 8, 2019. (Exhibit 125). It is anticipated that his testimony will show that such amount is entirely attributable to Section 6 of

the Default Judgment, as it relates to recoveries from American Express, TVG Network, Capital One Bank, Hyundai Capital, and Wells Fargo Bank. In accordance with 28 USC 1961(a), Plaintiff has used an interest rate of 2.350% (U.S. Treasury 1 Year Constant Maturity Rate as of 3/8/2019) to calculate the amount currently due under the Default Judgment as follows:

| | Judgment Amount Calculation | | | | | |
|---|---|---|---|---|---|---|
| | **Judgment Amount** | | | | $ 631,415.78 | |
| | **U.S. Treasury 1 Year Constant Maturity Rate as of 3/8/2019** | | | | 2.530% | |
| | See 28 USC 1967(a) | | | | | |
| | | | | | | |
| **Date** | **Principal Balance** | **Recovery Amount** | **Payment to Principal** | **Payment to Interest** | **Interest Accrued for Period** | **Unpaid Interest** |
| 8-Mar-19 | $ 631,415.78 | | | | | |
| 11-Mar-19 | $ 631,415.78 | $ (36,056.01) | $ 35,924.71 | $ 131.30 | $ 131.30 | $ - |
| 11-Apr-19 | $ 595,491.07 | $ (10,000.00) | $ 8,720.43 | $ 1,279.57 | $ 1,279.57 | $ - |
| 5-Jul-19 | $ 586,770.64 | $ (40,000.00) | $ 36,542.88 | $ 3,457.12 | $ 3,457.12 | $ - |
| 30-Aug-19 | $ 550,227.77 | $ (16,347.89) | $ 14,212.10 | $ 2,135.79 | $ 2,135.79 | $ - |
| 2-Oct-19 | $ 536,015.66 | $ (75,000.00) | $ 73,773.92 | $ 1,226.08 | $ 1,226.08 | $ - |
| 13-Apr-22 | $ 462,241.74 | | | | $ 29,605.25 | |
| | | | | | | |
| | Judgment Amount | | $ 462,241.74 | | | |
| | Accrued Interest | | $ 29,605.25 | | | |
| | **Total Amount Owing** | | **$ 491,847.00** | | | |

In conclusion, Plaintiff believes the testimony and exhibits to be presented herein will prove by a preponderance that Plaintiff is entitled to an exception to discharge in the amount of $491,847.00. Such amount will thereafter be necessarily reduced by the amount Plaintiff recovers on its claim in the pending bankruptcy proceeding.

DATED this 6th day of April, 2022.

                                                    **PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP**

*/s/ Rhett M. Miller*
Rhett M. Miller
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served copies of the foregoing electronically through the CM/ECF system on April 6, 2022, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew George Bennett on behalf of Defendant Jonathon Peirsol
mbennett@foleyfreeman.com, abennett@foleyfreeman.com;r59345@notify.bestcase.com

Rhett Michael Miller on behalf of Plaintiff Wayne Klein
rhett@pmt.org

Joshua M O'Hare on behalf of Defendant Jonathon Peirsol
johare@foleyfreeman.com, abennett@foleyfreeman.com

All others registered for ECF service in the above captioned adversary proceeding.

**PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP**

*/s/ Rhett M. Miller*
Rhett M. Miller
Attorney for Plaintiff