Rhett M. Miller
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P.O. Box 910
Burley, Idaho  83318
(208) 878-8382
(208) 878-0146 - fax
rhett@pmt.org
Idaho State Bar 11163
*Counsel for R. Wayne Klein*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>JONATHON PEIRSOL,<br><br>　　　　　　　Debtor. | Bankr. Case No.   19-40782-JDP<br><br>Chapter 7 |
| R. WAYNE KLEIN, J & J CHEMICAL, INC., CHAPTER 11 PLAN ADMINISTRATOR,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JONATHON PEIRSOL (aka JON PEIRSOL),<br><br>　　　　　　　Defendant. | Adv. Proceeding No. 20-08060-JDP |

**STIPULATION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE**

　　　　COMES NOW Plaintiff R. Wayne Klein, ("Plan Administrator"), by and through counsel and Jonathon Peirsol, by and through counsel and hereby, pursuant to Federal Rule of Civil Procedure 41, stipulate to dismissal of the above captioned adversary proceeding.

　　　　Dismissal by stipulation is proper because:

　　　　1. The parties have entered into Settlement Agreement and Release, resolving the claims made in the Adversary Proceeding, a true and correct copy of such Agreement is attached hereto as **Exhibit A**;

2. All parties who have appeared have signed this stipulation of dismissal;

3. Court approval of this compromise is not required, as Section 9019 only requires a Trustee to seek approval of compromises, and Mr. Klein acts as a plan administrator and not trustee. Further, the parties do not believe Court approval is required as Mr. Klein is obligated to liquidate the assets of J&J Chemical in the event that the new shareholders under the plan fail to take control. The new shareholders have failed to take control, as such, this compromise involves Mr. Klein liquidating claims against Mr. Peirsol, *as provided for by the plan*. Therefore, the Settlement is not analogous to a modification of the plan, which would otherwise require court approval.

Dismissal under this stipulation shall be effective, with prejudice, upon entry of an Order of Dismissal by this Court. In the event the Court does not enter such an order, this Stipulation to Dismiss Adversary Proceeding with Prejudice shall be deemed void ab-initio.

DATED June 30, 2022.

PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP

/s/ Rhett M. Miller
Rhett M. Miller
Attorney for Plaintiff

FOLEY FREEMAN

/s/ Matthew G. Bennett via E-Mail 6.30.2022
Matthew G. Bennett
Attorney for Defendant

## SETTLEMENT AGREEMENT AND RELEASE
## R. WAYNE KLEIN, J&J CHEMICAL, INC. CHAPTER 11 PLAN ADMINISTRATOR, AND JONATHON PEIRSOL

This Settlement Agreement and Release ("Agreement") is entered by and between the R. Wayne Klein, J&J Chemical, Inc. Chapter 11 Plan Administrator ("Klein"), and Jonathon Peirsol ("Peirsol"). Klein and Peirsol are collectively referred to as the "Parties."

### RECITALS

WHEREAS, on August 16, 2019, Peirsol filed a chapter 11 bankruptcy petition, the case was converted to a chapter 7 on May 26, 2020; and

WHEREAS, Klein filed proof of Claim 8 therein, asserting a claim against the estate in the amount of $638,517.91, arising from a Default Judgment issued against Peirsol in the bankruptcy proceeding of J&J Chemical, Inc.

WHEREAS, in September 18, 2020, Klein commenced an adversary proceeding (20-08060-JDP) against Peirsol, seeking a exception to discharge of Claim 8 pursuant to §523(a)(2) and 523(a)(4) (the "Adversary Proceeding"); and

WHEREAS, after extensive discovery and a motion for summary judgment, the parties have negotiated and find it in their respective best interests to settle the Adversary Proceeding, avoiding the risk and uncertainty of trial.

### AGREEMENT

NOW THEREFORE, in consideration of the mutual promises, covenants, and agreements set forth in this Agreement, and based upon the foregoing recitals and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Court Approval.** The Parties do not believe that Court approval of this compromise is required, as Section 9019 only requires a Trustee to seek approval of compromises, and Mr. Klein acts as a plan administrator. Further, the parties do not believe Court approval is required as Mr. Klein is obligated to liquidate the assets of J&J Chemical in the event that the new shareholders under the plan fail to take control. The new shareholders have failed to take control, as such, this compromise involves Mr. Klein liquidating the claims against Mr. Peirsol, as provided for by the plan. Nevertheless, in the event the Court or another party objects and demands Court approval, this Agreement shall be deemed void ab-initio if such approval is sought and denied.

2. **Cash Payment; Timing; Method.** Peirsol will pay to the Klein, for the benefit of the J&J Chemical, Inc. ("J&J"), the sum of $27,000.00. (the "Total Cash Payment"), within ten business days of execution of this Agreement. Klein will hold the Total Cash Payment until such time as the conditions 0f Paragraphs 3 and 4 are fully satisfied.

EXHIBIT A

3. **Dismissal of Adversary Proceeding.** Within ten business days of executing this Agreement, the Parties shall file a stipulation and proposed order to dismiss the adversary proceeding with prejudice.

4. **Waiver of Security and Claim Reduction.** Within five business days of issuance of an order dismissing the Adversary Proceeding, Klein shall file an amended proof of claim in Mr. Peirsol's bankruptcy case, thereby waiving any secured position to which Mr. Klein may otherwise be entitled in such proceeding, and reducing such claim by the amount recovered herein and the net amounts recovered from other sources relating to the Default Judgment. The amount of such reduction shall be $244,555.88 (see calculations in **Table 1** below). The parties agree that the remainder of Mr. Klein's claim shall be treated as general unsecured.

**Table 1**

| Collections | | Klein Fees | Counsel Fees |
|---|---|---|---|
| Ash Street | $ 70,094.43 | | |
| American Express | $ 36,056.01 | $ 900.00 | $ 3,260.00 |
| TVG Network | $ 10,000.00 | $ 1,350.00 | $ 3,360.00 |
| Capital One Bank | $ 40,000.00 | $ 7,300.00 | $ 1,860.00 |
| Hyundai Capital | $ 16,347.89 | $ 825.00 | $ 830.00 |
| Wells Fargo Bank | $ 75,000.00 | $ 3,875.00 | $ 6,610.00 |
| Adversary Settlement | $ 27,000.00 | | |
| DirecTV | $ 227.55 | | |
| Total | $ 274,725.88 | $ 14,250.00 | $ 15,920.00 |
| Cost to Collect | $ 30,170.00 | | |
| Claim Reduction | $ 244,555.88 | | |

5. **Mutual Release of Claims.** Effective upon execution (unless this agreement is deemed void ab-initio under Paragraph 1), Peirsol and Klein mutually release and forever discharge against the other and the others affiliates, predecessors, successors, heirs, assigns, managers, subsidiaries, parents, officers, directors, partners, attorneys, agents and the employees, agents, attorneys, representatives, predecessors, successors and assigns thereof from any and all and all claims and actions arising hereforeto, against the other and the others affiliates, predecessors, successors, heirs, assigns, managers, subsidiaries, parents, officers, directors, partners, attorneys, agents and the employees, agents, attorneys, representatives, predecessors, successors and assigns. **Nevertheless, in accordance with Paragraph 4 herein, Klein does not waive and may still pursue his claims against the bankruptcy estate of Peirsol.**

6. **Attorneys' Fees and Costs.** Each of the Parties shall bear its own respective attorneys' fees and costs incurred in connection with entering into and implementing this Agreement. However, in the event that any legal action is taken to enforce any term or provision

EXHIBIT A

of this Agreement, the Parties agree that the prevailing party shall be entitled to payment of its reasonable attorneys' fees, expenses and costs incurred to enforce the terms of this Agreement.

7. **Binding Effect.** This Agreement shall be binding upon each of the Parties, and their respective successors-in-interest, heirs and/or assigns. All representations and warranties made herein shall survive execution of this Agreement and shall at all times subsequent to the execution of this Agreement remain binding and fully enforceable.

8. **Voluntary Agreement.** This Agreement has been carefully read by the Parties and the Parties' have been given an opportunity to consult with their respective legal counsel; the contents hereof are known and understood by the Parties; and each of the Parties acknowledges that such party is under no duress or undue influence and that each of the Parties executes this Agreement as its own free and voluntary act.

9. **Integration and Amendments.** This Agreement shall constitute the entire agreement and understanding of and between the Parties in relation to matters described herein, and no statements, representations, inducements or promises other than as expressly set forth herein have been given or received by any of the Parties (nor by their respective agents, employees, attorneys or representatives) in return for same. All negotiations, oral conversations, statements, representations and/or agreements leading up to the execution of this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise. No parole or extrinsic evidence may be used to contradict any of the terms of this Agreement. Any amendment to this Agreement must be in writing, signed by duly authorized representatives of the Parties hereto, and specifically state the intent of the Parties to amend this Agreement.

10. **Counterparts.** This Agreement may be executed by the Parties hereto in any number of identical counterparts, each of which, once executed and delivered in accordance with the terms of this Agreement, will be deemed an original with all such counterparts taken together constituting one and the same instrument. Delivery by facsimile, encrypted e-mail or e-mail file attachment of any such executed counterpart to this Agreement will be deemed the equivalent of the delivery of the original executed agreement or instrument.

11. **Severability.** In the event any portion of this Settlement Agreement is held illegal, void, unenforceable or ineffective, this Settlement Agreement shall terminate unless both Parties are able to arrive at an accommodation that preserves for the Parties the benefits and obligations of the offending provision. Both Parties agree to use their reasonable efforts to arrive at such an accommodation.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement.

JONATHON PEIRSOL
*/s/ Jonathan P.*
Date: 6-28-2022

R. WAYNE KLEIN
*Wayne Klein*
Wayne Klein (Jun 28, 2022 12:40 MDT)
J&J Chemical, Plan Administrator
Date: Jun 28, 2022

3

EXHIBIT A